**YICK CHIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA- TION SERVICE, Respondent.**

No. 21267.

United States Court of Appeals Ninth Circuit.

Nov. 28, 1967.

Jackson & Hertog, Joseph Hertog (argued), San Francisco, Cal., for petitioner.

Cecil F. Poole, U. S. Atty., C. Elmer Collett (argued), Asst. U. S. Atty., Steve Suffin, Atty., INS, San Francisco, Cal., Joseph Sureck, Regional Counsel, INS, San Pedro, Cal., Ramsey Clark, U. S. Atty. Gen., Washington, D. C., for respondent.

Before CHAMBERS, POPE and MER- RILL, Circuit Judges.

PER CURIAM:

Petitioner seeks review by this court under § 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a), of a ruling of the Board of Immigration Appeals denying him suspension of deportation and adjustment of status under § 244(a) of the Act, 8 U.S.C. § 1254(a).

Respondent has moved to dismiss the petition for lack of jurisdiction on the ground that the order sought to be reviewed is not one of those "final orders of deportation * * * pursuant to administrative proceedings under section 242(b) of this Act," over which § 106(a) gives this court initial review.

The motion has merit.

Petitioner, a native of China, sought entry to the United States in 1952. He was denied entry but was paroled into the United States, where he has remained ever since. No proceedings to effect his deportation have been brought under § 242(b) of the Act, 8 U.S.C. § 1252(b). In 1966 he made application on his own initiative for discretionary relief under § 244(a), and it is the order denying him that relief which he now seeks to have reviewed.

The order, not having been entered in the course of § 242(b) deportation proceedings, is not ancillary to such proceedings and hence is not reviewable under § 106(a). Yamada v. I & N S, 384 F.2d 214 (9th Cir. 1967).

Accordingly the petition for review is dismissed for want of jurisdiction.